IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID PARKER                                                              PLAINTIFF

vs.                                        CIVIL ACTION NO. 3:20-cv-300-HTW-LRA

JEROME HENRY;
EMPLOYERS INSURANCE COMPANY OF WAUSAU;
LIBERTY MUTUAL GROUP d/b/a
LIBERTY MUTUAL INSURANCE AND
HELMSMAN MANAGEMENT SERVICES;
JOHN DOE PERSON(S) 1-5 AND JOHN DOE ENTITY(IES) 1-5          DEFENDANTS

## NOTICE OF REMOVAL

Defendants Employers Insurance Company of Wausau ("Employers") and Liberty Mutual Group d/b/a Liberty Mutual Insurance and Helmsman Management Services ("Liberty"), hereinafter jointly and collectively referred to as "Defendants," hereby file their Notice of Removal, removing this action from the Circuit Court of Leake County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division. In support thereof Defendants would show as follows:

1.      This is a civil action filed by David Parker against Defendants in the Circuit Court of Leake County, Mississippi, bearing civil action no. 20-cv-069-LE-BB and seeking a recovery from Defendants in excess of Seventy Five Thousand and 00/100 Dollars ($75,000.00), as appears from the Plaintiff's Amended Complaint which added them as defendants to this lawsuit (hereafter referred to as "Complaint"). Defendants were all served with process on April 1, 2020, and this case first became removable to this Court at that time.

2.      This cause now pending against Defendants is a suit of a civil nature wherein the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. Although

the Plaintiff does not specify a total demand in his Complaint, it is facially apparent from the allegations of the Complaint and the nature of the claims asserted against Defendants under Mississippi law that the amount in controversy exceeds the amount required for diversity jurisdiction. The Plaintiff's Complaint includes an unspecified demand for "past, present and future physical pain and suffering"; "past, present and future emotional distress and mental anguish"; "past, present and future loss of enjoyment of life," and "temporary and permanent physical impairment and disability", plus a claim for punitive damages. *See Allstate Ins. Co. v. Simpson,* 2018 WL 4054331, at *4 (S.D. Miss. 2018)(J. Ozerden), citing *Gentiva Certified Healthcare Corp. v. Rayborn*, 2016 WL 164322, at *3 (S.D. Miss. Jan. 13, 2016)(holding that the requisite $75,000.00 jurisdictional amount compared to a potential $13,000.00 compensatory award is less than a 6 to 1 ratio, well within the "single digit ratio" which the Supreme Court suggests complies with due process)(citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)); *Steilberg v. Bradley,* 2016 WL 1455454 (S.D. Miss. 2016)("undisputed that Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000″)(quoting *Holmes v Citifancial Mortg. Co.*, 436 F.Supp.2d 829,832 (S.D. Miss. Mar. 29, 2011); *Colony Ins. Co. v. Ropers*, 2011 WL 1226095, at *3 (S.D. Miss. 2011)(J. Starrett)(holding ″that the punitive damages claims in the underlying tort suits results in the amount of controversy requirement for this action being met″); *Haney v. Continental Cas. Co.*, 2008 WL 5111021, at *1-2 (S.D. Miss. 2008)(J. Lee)(unspecified claim for punitive damages sufficient to establish diversity jurisdiction); *Easterling v. Glaxo Welcome, Inc.*, 2006 WL 1272680, at *3 (S.D. Miss. 2006)(J. Lee)(same); *Brasell v. UnumProvident Corp.*, 2001 WL 1530342, at *2 (N.D. Miss. Oct. 25, 2001)(J. Davidson)(citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998); *Marcel v. Pool Co.*, 5 F.3d 81, 84–85 (5th Cir.1993)); *Chambley v.*

*Employers Ins. of Wausau*, 11 F. Supp.2d 693, 695 (S.D. Miss. 1998)(J. Barbour)(″Juries in Mississippi frequently award damages (compensatory and punitive) in excess of $75,000 in actions based on wrongful denial of insurance benefits.); *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700-01 (S.D. Miss. 1988)(″Punitive damages can be included to reach the amount in controversy requirement if, under the governing law of the suit, they are recoverable.″)(citing *Bell v Preferred Life Assurance Society*, 320 U.S. 238, 64 S. Ct. 5, 88 L. Ed. 15 (1943).

3.    This action involves a controversy between citizens of different states.  Plaintiff David Parker is a resident of the State of Mississippi.  Defendant Employers Insurance Company of Wausau is a corporation created and existing under the laws of the State of Wisconsin and having its principal place of business in the City of Boston, Massachusetts.  Defendant Liberty Mutual Group d/b/a Liberty Mutual Insurance and Helmsman Management Services according to the Complaint is a Massachusetts entity with its principal place of business being in Boston, Massachusetts.[1] Diversity of citizenship existed between the Plaintiff and Defendants at the time this case was commenced by the Plaintiff and at the time of service of process herein.

---

[1] There actually is no legal entity known as "Liberty Mutual Group d/b/a Liberty Mutual Insurance and Helmsman Management Services."  Even if the Complaint is construed to name three separate entities, there is still complete diversity of citizenship between the Plaintiff and the Defendants. Both Liberty Mutual Group Inc. and Liberty Mutual Insurance Company are corporations created under the laws of the Commonwealth of Massachusetts with their principal place of business being in Boston, Massachusetts.  Helmsman Management Services, LLC was created under the laws of the Commonwealth of Massachusetts with its principal place of business being in Boston, Massachusetts. The ownership of Helmsman Management Services LLC is as follows:  Liberty Corporate Services LLC owns and controls 100% of Helmsman Management Services LLC and was created under the laws of the Commonwealth of Massachusetts with its principal place of business in Boston, Massachusetts.  Liberty Mutual Group Inc. owns and controls 100% of Liberty Corporate Services LLC and was created under the laws of the Commonwealth of Massachusetts with its principal place of business being in Boston, Massachusetts. LMHC Massachusetts Holdings Inc. owns 100% of the stock of Liberty Mutual Group Inc. and was created under the laws of the Commonwealth of Massachusetts with its principal place of business being in Boston, Massachusetts.  Liberty Mutual Holding Company Inc. owns 100% of the stock of LMHC Massachusetts Holdings Inc. and was created under the laws of the Commonwealth of Massachusetts with its principal place of business being in Boston, Massachusetts.

4.     The Plaintiff has improperly joined Defendant Jerome Henry ("Henry") as a defendant or, alternatively, he has fraudulently, egregiously or otherwise improperly misjoined Henry as a defendant in this action. Henry should be disregarded for purposes of determining diversity jurisdiction for the following reasons:

a.     The Complaint asserts various claims of negligence against Henry arising out of an automobile accident. Plaintiff alleges the automobile accident was caused by Henry's negligent operation of a vehicle.

b.     The allegations against Defendants Employers Insurance Company of Wausau and Liberty Mutual Group d/b/a Liberty Mutual Insurance and Helmsman Management Services are contractual in nature and relate to Plaintiff's claim for uninsured/undersinsured motorist benefits from these Defendants; their alleged bad faith failure to handle and pay Plaintiff's claim for uninsured/undersinsured motorist benefits; their alleged breach of the duty of good faith and fair dealing in handling Plaintiff's insurance claim; and their alleged refusal to reasonably make an offer and pay Plaintiff's insurance claim.  The Complaint seeks punitive damages from these Defendants as a result of their alleged wrongful conduct. (Complaint, ¶¶22-29).

c.     Henry has been improperly joined as a defendant and should be disregarded for purposes of determining diversity jurisdiction.

d.     Alternatively, Henry has been fraudulently, egregiously or otherwise improperly misjoined as a defendant in this action with Defendants.  Any individual claim the Plaintiff may have against Henry (*i.e.*, alleged negligent operation of a motor vehicle) is a separate litigable event from the Plaintiff's claim that the Defendants wrongfully handled his insurance claim.

e.  Fraudulent misjoinder of defendants is not permissible to circumvent diversity jurisdiction. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 630-631 (5th Cir. 2002). *See also Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) (finding that failure to meet the joinder requirements will result in "joinder [being] improper even if there is no fraud in the pleadings and the plaintiff does have the ability to recover against each of the defendants"). The Southern and Northern Districts of Mississippi have held on multiple occasions that the misjoinder of a party may be just as fraudulent and/or egregious as the joinder of a resident party against who the plaintiff has no possibility of a cause of action. *See e.g., Herbert v. White*, 2017 WL 4167518 (S.D. Miss. 2017)(J. Guirola); *Parker v. Walker*, 2017 WL 3275621 (S.D. Miss. 2017)(J. Reeves); *Ferguson v. Bridgett,* 2017 WL 462514 (N.D. Miss. Feb. 3, 2017)(J. Aycock); *Hampton v. Frost*, 2015 WL 11233043 (S.D. Miss. Sept. 24, 2015)(J. Reeves); *Cartwright v. State Farm Mut. Auto. Ins. Co.*, No. 4:14-cv-0057 (N.D. Miss. Dec. 8, 2014)(J. Davidson); *Walker v Scales*, 2014 WL 670216 (N.D. Miss. Feb. 20, 2014)(J. Aycock); *Sullivan v. Direct Gen. Ins. Co. of Miss.*, 2013 WL 5427992 (N.D. Miss. Sept. 27, 2013)(J. Aycock).

f.  "In a case removed to federal court, questions of fraudulent misjoinder are determined by the state's joinder rules." *Ferguson v. Bridgett,* 2017 WL 462514 at *1 (N.D. Miss. Feb. 3, 2017). Therefore, to determine if a resident defendant has been fraudulently misjoined, the court applies Rule 20 of the Mississippi Rules of Civil Procedure. *Id.* In order to meet the requirements of Rule 20, there must be a "distinct litigable event linking the parties." *Id.,* citing *Hegwood v. Williamson*, 949 So.2d 728, 730 (Miss. 2007). In *Hegwood* the Mississippi Supreme Court held that third party tort claims and first party breach of contract and bad faith claims involve distinct litigable events with different factual issues and legal issues. 949 So. 2d at 731. Under *Hegwood* and the precedents cited above, the Plaintiff's negligence claims against Henry

are distinct from the breach of contract/bad faith/punitive damages claims against the insurance defendants. As Judge Aycock observed in *Ferguson*, "The negligence claim involves fact issues about how the accident happened and legal issues of negligence. The breach of contract and bad faith claim involves fact issues about what happened between the insured and the insurer, and legal issues about how to interpret the policy. In addition the two claims will require proof from different witnesses." *Ferguson*, 2017 WL 462514, at *2.

g.    The joinder of Henry also violates Rule 411 of the Mississippi Rules of Evidence, which states that "'[e]vidence that a person was or was not insured against liability is not admissible upon the issue of whether he acted negligently or otherwise wrongfully." In *Hegwood*, the court held that a driver defending against negligence claims would be prejudiced by the jury's knowledge of his or her coverage or lack thereof when determining the issue of liability. *Hegwood*, 949 So. 2d at 731. The same is true in our case.

h.    Like the case *sub judice*, the cases cited above all involved an attempt to join a negligence claim against an uninsured motorist with a breach of contract and bad faith claim against the plaintiffs' uninsured motorist insurer. For the reasons stated in these decisions, Plaintiffs have fraudulently and/or egregiously misjoined his claims against Henry and the insurance claims against Defendants.

i.    The claims against the Defendants and Henry should, therefore, be severed, and the claim against Henry should be remanded to state court.

j.    Since there is complete diversity between both the Plaintiff and the Defendants, the Court has diversity jurisdiction of the Plaintiff's claims against Defendants.

5.    Since Henry has been fraudulently, egregiously or otherwise improperly joined as a defendant, he is not required to join in or consent to the removal of this action.

6.      Pursuant to 28 U.S.C. § 1441 (a), the fictitious parties named in the Complaint as Defendants "John Doe Person(s) 1-5 and John Doe Entity(ies) 1-5" should be disregarded for removal purposes.

7.      The civil action filed by the Plaintiff in the Circuit Court of Leake County, Mississippi is one of which the District Courts of the United States have original jurisdiction pursuant to 28 U.S.C. §1332.   Therefore, this action may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441.

8.      The United States District Court for the Southern District of Mississippi and the Northern Division of said Court are the District and Division embracing the place wherein the aforesaid state court action is pending.

9.      This Notice of Removal is being filed pursuant to 28 U.S.C. §1446(b) within thirty days of the date the Complaint was served on Defendants.   Pursuant to 28 U.S.C. §1446(a), attached hereto as **Exhibit A** is a true and correct copy of all process, pleadings, and orders served on Defendant Employers Mutual Insurance Company. Attached hereto as **Exhibit B** is a true and correct copy of all process, pleadings, and orders served on Liberty Mutual Group d/b/a Liberty Mutual Insurance and Helmsman Management Services.   As set forth in these documents, this case is one which is removable to this Court in full compliance with the laws of the United States.   A true and correct certified copy of the entire state court file will be filed within fourteen (14) days of the filing of this Notice of Removal, as required by this Court's Local Rule 5(b).

10.      Defendants will give written notice of the filing of this Notice of Removal to the Plaintiff, and a true and correct copy of this Notice will be duly filed with the Clerk of the Circuit Court of Leake County, Mississippi, as required by 28 U.S.C. §1446(e).

WHEREFORE, Defendants Employers Insurance Company of Wausau and Liberty Mutual Group d/b/a Liberty Mutual Insurance and Helmsman Management Services, request this Court to proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the Circuit Court of Leake County, Mississippi be hereby stayed.

This, the 29th day of April 2020.

Respectfully submitted,

**EMPLOYERS INSURANCE COMPANY OF WAUSAU, LIBERTY MUTUAL GROUP d/b/a LIBERTY MUTUAL INSURANCE AND HELMSMAN MANAGEMENT SERVICES**

By:     */s/ Gregg A. Caraway*
Gregg A. Caraway (MBN #8443)
Their Attorneys

**OF COUNSEL:**

**WELLS MARBLE & HURST, PLLC**
Post Office Box 131
Jackson, MS 39205-0131
300 Concourse Blvd., Suite 200
Ridgeland, MS 39157
Telephone: (601) 605-6900
Facsimile: (601) 605-6901
gcaraway@wellsmar.com
fbailey@wellsmar.com

## CERTIFICATE OF SERVICE

I, Gregg A. Caraway, do hereby certify that this Notice of Removal is being served on counsel for the Plaintiff and the Circuit Clerk of Leake County, Mississippi, as follows:

Jerald D. Crawford, Esq.             (*via ECF*)
SCHWARTZ & ASSOCIATES, P.A.
Post Office Box 3949
Jackson, MS 39207-3949
jcrawford@1call.org

*ATTORNEY FOR PLAINTIFF*

Mr. Ken Adcock             (*via U.S. Mail*)
Circuit Clerk
P.O. Box 67
Carthage, MS 39051

*CIRCUIT CLERK OF LEAKE COUNTY, MISSISSIPPI*

This, the 29th day of April 2020.

*/s/ Gregg A. Caraway*
Gregg A. Caraway